On the trial before Pearson, J., at NASH, on the last circuit, the defendant, to support his pleas, proved that the bond was given for a balance due by him as former guardian to one Sarah G. Atkinson, which was composed, in part, of sundry evidences of debt left in the hands of the defendant, under an agreement in writing, whereby the plaintiff bound himself to credit the amount of these debts upon the bond, (68) in case they should not be paid, and should be returned by the defendant to the plaintiff.
The evidences of those debts were not returned until the trial, when they were produced and a credit claimed for their amount. A question was made whether the defendant had not lost the benefit of this stipulation by his laches, which it is not necessary further to notice.
His Honor directed the jury to find for the plaintiff and the defendant appealed.
It is impossible for the defendant to make anything of the exception which he has taken to the judge's charge. The defense attempted to be made out, and the proofs offered, were altogether irregular and inadmissible upon the trial. The only pleas in the cause were payment and set-off, and every inquiry before the jury that did not tend to establish or contradict these pleas was irrelevant. It is manifest that the case set up by the defendant could not amount to a payment or set-off. If it could avail him at all it must have been by way of defeasance, and it should have been pleaded as such. But even then a return of the papers, or something equivalent to a return, must have preceded, or at least accompanied the plea, as every plea must be true or false, according to the state of facts, when it is pleaded. The effort to procure a credit by a return of the papers on the trial, received but too much indulgence from the court — and the failure to succeed in it furnishes no legal cause of complaint.
PER CURIAM. Judgment affirmed. *Page 55 
(69)